# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| TANYA LAFRENIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLIN COLLECTION SERVICE, INC.,<br><br>Defendant. | Case No.: 17-cv-174<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Tanya Lafrenier is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a home internet services bill.

5. Defendant Franklin Collection Service, Inc. ("FCS") is a foreign corporation with its primary offices located at 2978 W. Jackson St., Tupelo, MS 38801.

6. FCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. FCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. FCS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about March 28, 2016, FCS mailed a collection letter to Plaintiff regarding an alleged debt owed to "AT&T." A copy of the letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the letter in Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Upon information and belief, the letter in Exhibit A is a form debt collection letter used by Credit Management to attempt to collect the alleged debt.

11. The debt referenced in Exhibit A was incurred for home internet services in Plaintiff's residence. Thus, the debt was incurred for personal, family or household purposes.

12. Exhibit A contains the following text:

> I intend to report this account on your credit history after (30) thirty days of you receiving this notice.

13. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt". 15 U.S.C. § 1692e.

14. 15 U.S.C. § 1692e(10) specifically prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken."

15. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

16. The threat that: "I intend to report this account on your credit history after (30) thirty days of you receiving this notice" is objectively false and misleading to the unsophisticated consumer.

17. Upon information and belief, FCS has not reported the alleged debt to Transunion, Equifax, Experian or any other consumer reporting agency.

18. In fact, Plaintiff's credit reports obtained from Transunion, Experian and Equifax on February 1, 2017 did not list FCS as having reported the alleged AT&T debt to either of those national bureaus.

19. The false, confusing and misleading statement in <u>Exhibit A</u> is a material false statement (*See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)).

20. A collection account is a negative item that lowers a consumer's credit score and generally remains on the consumer's "credit report" for seven years.

21. Falsely claiming to report negative information to a credit reporting agency without actually doing so is a tactic that preys upon the consumer's concern about his or her credit score. The consumer is likely to be deceived into paying, whether the debt is legitimate or not, to preserve his or her credit score.

22. Plaintiff was confused by <u>Exhibit A</u>.

23. The unsophisticated consumer would be confused by <u>Exhibit A</u>.

24. Plaintiff had to spend time and money investigating <u>Exhibit A</u>.

25. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

26. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane*

3

*v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

27. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

4

29.     <u>Exhibit A</u> falsely states that FCS will report the alleged debt to a credit reporting agency 30 days after Plaintiff receives <u>Exhibit A</u>. In fact, FCS did not report the alleged debt to any consumer reporting agency.

30.     <u>Exhibit A</u> is confusing, deceptive, and/or misleading to the unsophisticated consumer.

31.     FCS's misrepresentation is material, as it would provoke the consumer into paying on false pretenses – that the payment would improve or limit damage to his or her credit score.

32.     FCS violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

## CLASS ALLEGATIONS

33.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) stating that Franklin intends to report the recipient's account information to a national credit reporting agency after 30 days, (e) when Franklin did not report the recipient's account information to a national credit reporting agency after 30 days, (f) between February 6, 2016 and February 6, 2017, inclusive, (g) that was not returned by the postal service. Excluded from the class are any persons whose account information was not reported to consumer reporting agencies because (a) the consumer paid the debt in full during the FDCPA validation period, (b) the consumer filed a bankruptcy petition during the FDCPA validation period, or (c) the consumer died during the FDCPA validation period.

34.     The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

35. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e and 1692e(10).

36. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

39. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 6, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)

6

Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com